GEORGE A. FINK CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.[1]

Docket No. 1369.    Decided October 13, 1926.

The taxpayers were each one of a group of corporations which
filed a consolidated return for the year 1920. Theretofore Com-
missioner Williams had held the taxpayers to be affiliated with
other corporations for the year 1919, and the conditions respecting
affiliation were identical as to the year 1920. The taxpayers
advanced the funds with which to pay their share of the tax,
which amounts were more than their pro rata shares of the con-
solidated tax. The parent corporation thereafter became in-
solvent. Commissioner Blair, thereafter, determined correctly
that the taxpayers were not affiliated with the parent corpora-
tion in the year 1920. *Held,* that the determination by Commis-
sioner Blair was not an overruling of Commissioner Williams with
respect to the year 1920. *Held, further,* that in the computation
of the deficiency against the taxpayers, credit should be given
for the pro rata portion of the tax paid by the parent corporation
theretofore advanced by the taxpayers.

*Charles E. Moore, Esq.,* and *Joseph M. Dohan, Esq.,* for the
petitioners.

*Percy S. Crewe, Esq.,* for the respondent.

These proceedings are from determinations of deficiencies for
the calendar year 1920 as follows:

| | |
|---|---:|
| George A. Fink Co | $1, 487. 27 |
| Shuttleworth, Wollny Co., Inc | 1, 545. 92 |
| C. E. Dartt Co | 3, 070. 52 |
| Gallen Paper Co | 1, 894. 62 |

The questions presented in all of the proceedings are the same
and are—(1) whether petitioners were affiliated with Shuttleworth,
Keiller & Co.; (2) whether the Commissioner could modify his
predecessor's ruling relating to affiliation; and (3) whether the tax
paid by each of the companies upon the consolidated return filed
for the year 1920 should be credited against the deficiency deter-
mined by the Commissioner in the event it is held that they were
not affiliated as claimed.

FINDINGS OF FACT.

Petitioners are New York corporations. During the year 1920,
Shuttleworth, Keiller & Co. owned and controlled the following per-
centages of the stock of the petitioners: George A. Fink Co., 88.6

---

[1] The following cases were consolidated and heard with the above case and are decided
herewith: Shuttleworth, Wollny Co., Inc., Docket No. 1362; C. E. Dartt Co., Docket No.
1372; Gallen Paper Co., Docket No. 1377.

per cent; Shuttleworth, Wollny Co., Inc., 51 per cent; Gallen Paper Co., 51 per cent; C. E. Dartt Co., 85.4 per cent. The persons who owned the 11.4 per cent minority stock of George A. Fink Co., 49 per cent of Shuttleworth, Wollny Co., Inc., 49 per cent of Gallen Paper Co., and 14.6 per cent of C. E. Dartt Co., owned no stock in Shuttleworth, Keiller & Co., and were not connected with that company.

For the year 1920, Shuttleworth, Keiller & Co., as the parent corporation, filed a consolidated return with the following corporations:

Congress Warehouse & Forwarding Co.
George A. Fink Co.
Shuttleworth, Wollny Co., Inc.
Gallen Paper Co.
Shuttleworth Holly Co. (changed prior to 1920 to C. E. Dartt Co., one of the petitioners herein).
W. E. Shuttleworth & Co.
Shuttleworth Dumouchel Co. and
Shuttleworth, Hogg & Mather, Inc.

The Commissioner of Internal Revenue, who was in office on November 1, 1920, determined that these corporations were affiliated for 1919. He did not consider the question whether the corporations were affiliated for the year 1920. The present Commissioner of Internal Revenue, who assumed office in 1921, when auditing the returns for 1920, determined that the corporations were not affiliated for that year.

The Shuttleworth, Keiller & Co., prior to the filing of the consolidated return, as above set forth, notified each of the corporations proposed to be included therein that a consolidated return was required and requested each of them to send statements to it, together with their checks for the amount of tax shown to be due upon a separate computation of their tax liability. The petitioners forwarded such statements, together with remittances of the amounts of tax computed upon their several statements, as follows: George A. Fink Co., $1,466.01; Shuttleworth, Wollny Co., Inc., $2,115.11; Gallen Paper Co., $565; Shuttleworth Holly Co. (C. E. Dartt Co.), $3,048.93. By reason of the losses incurred by Shuttleworth, Keiller & Co. in the calendar year 1920, the amount of income and profits tax due by it and the companies included by it in the consolidated return was $27,135.52, which Shuttleworth, Keiller & Co. duly paid to the collector for the second district of New York. Thereafter, and on July 24, 1922, Shuttleworth, Keiller & Co. was adjudicated bankrupt, and on August 11, 1922, subject to the approval of the court, which was given on or about October 18, 1922, all the remaining assets of the bankrupt were sold to W. E. Shuttleworth, the president of the company, and the sale included "claims against the

United States of America and the State of New York for a refund of taxes improperly paid." Thereafter, on November 21, 1923, the Commissioner notified George A. Fink Co., Shuttleworth, Wollny Co., Inc., and C. E. Dartt Co. that they were not affiliated with any of the corporations with which they had filed a consolidated return, and notified George A. Fink Co. of a deficiency of $1,487.27, Shuttleworth, Wollny Co., Inc., of a deficiency of $1,545.92, and C. E. Dartt Co. of a deficiency of $3,070.52. He held that the Gallen Paper Co. was, during the year 1920, affiliated with Shuttleworth, Hogg & Mather, Inc. (subsequently Mather Paper Co.) and notified it of a deficiency of $1,894.62. In the computation of the deficiencies the Commissioner gave no credit whatever for the payments or any part thereof theretofore made by the petitioners to Shuttleworth, Keiller & Co. and by it paid in part to the collector of internal revenue as tax upon the consolidated return.

OPINION.

LITTLETON: The evidence does not show that Shuttleworth, Keiller & Co., or any other corporation with which the petitioners claim they should have been affiliated, in any way controlled the minority stock hereinbefore mentioned. In these circumstances we can not hold that Shuttleworth, Keiller & Co. owned and controlled substantially all of their stock. *Appeal of Mather Paper Co.*, 3 B. T. A. 1.

The next question is the same as one of the issues involved in the *Appeal of Mather Paper Co.*, *supra*, in which it was stated:

Under the provisions of section 273 of the Revenue Act of 1924 it is the duty of the Commissioner to determine the deficiency upon the basis of the correct amount of tax, less the amount of tax shown by the taxpayer upon his return, with other adjustments not here in issue. Upon its return, this taxpayer, through the medium of the Shuttleworth Co., indicated an amount of tax shown to be due in the proportion of the net income returned by this taxpayer in the consolidated return to the total net income, exclusive of minus quantities. This amount the Commissioner has not credited in connection with the computation of the deficiency here in question. It should be credited in the determination of this deficiency. The return of the taxpayer filed as a part of the above consolidated return is in evidence and the proper computation can be made therefrom.

In the computation of the deficiencies against these petitioners they should be given credit for their proportional part of the tax shown due by the consolidated return hereinbefore mentioned.

As to the last issue, it appears that the present Commissioner of Internal Revenue did not overrule the determination made by his predecessor, since the former Commissioner made no determination as to the year 1920. *Appeal of Mather Paper Co.*, *supra*. See *Appeal of Canyon Lumber Co.*, 4 B. T. A. 940.

> *Judgment will be entered on 15 days' notice, under Rule 50.*